**UNION CARTAGE COMPANY**

**v.**

**UNITED STATES of America and Interstate Commerce Commission.**

**Civ. A. No. 60-540-F.**

United States District Court
D. Massachusetts.

April 26, 1961.

Leonard A. Jaskiewicz, Washington, D. C., Francis P. Barrett, East Milton, Mass., on brief, for plaintiff.

Leonard S. Goodman, Interstate Commerce Commission, Washington, D. C., and Kenneth B. Williams, Boston, Mass., for defendant.

Before ALDRICH, Circuit Judge, and FORD and DAY, District Judges.

ALDRICH, Circuit Judge.

This complaint to a three-judge district court to review and set aside an order of the Interstate Commerce Commission interpreting a motor carrier's operating authority raises a single question. The mooted portion, describing what petitioner may carry, reads as follows:

"Contractor's machinery and equipment, heavy machinery, and *commodities requiring the use of special equipment.*" [1] (ital. suppl.)

The Commission ruled that the italicized phrase does not permit the carriage of petroleum products in tank trucks. Petroleum—Union Cartage Co., 1960, 309 I.C.C. 333. This action resulted.

It is true that in certain circumstances the phrase "commodities requiring the use of special equipment" may refer, inter alia, to petroleum products in tank trucks. For example, where a carrier has a general commodities license but "commodities requiring the use of special equipment" are excluded, this exclusion is held to encompass tank-carried products. Transport Motor Express, Inc., Extension—Lacquers and Paints, 1951, 53 M.C.C. 267. Petitioner claims that if a clause embraces a certain matter when used in one connection, it must in another. This simply is not so. The meaning of a phrase, like a word, is shaded and colored by its surroundings. Familiar principles of *ejusdem generis, in pari materia,* or *noscitur a sociis,* are all ways of saying that the whole must be looked at, and not a single part separately.

The Commission points out (and petitioner concedes) that the initial words "Contractor's machinery and equipment, heavy machinery * * *" refer specifically to heavy haulers. It then says that the additional phrase "commodities requiring the use of special equipment" in this association reads naturally on matter closely related,[2] and holds that interpreting the clause more broadly is to be avoided as introducing a new and totally unrelated activity. Correspondingly, with respect to petitioner's contention as to general commodity carriers, the Commission again points out that the carriage of bulk products in tank trucks is a separate, specialized field. Therefore, it says, in the one case the phrase "commodities requiring the use of special equipment" is to be read narrowly, in order *not to introduce* a dissimilar activity, and in the other case broadly, in order *to exclude* a dissimilar activity. Compare Petroleum Carrier Corp. v. Black, 1950, 51 M.C.C. 717, with The Western Express Co.,—Sealdtanks, March 22, 1961, No. MC–8902.

The Commission must be allowed broad scope to regulate, which is its designed function, see A. B. & C. Motor Transportation Co. v. United States, D. C.D.Mass.1955, 130 F.Supp. 87, and, within reason, it must be permitted to exercise its special competence by interpreting its own language and words of art. We see nothing arbitrary or capricious in the principle adopted, and, in the application of this principle, we see nothing incongruous in the construction giv-

---

1. Subsequent, separate, paragraphs provide for the transportation of agricultural machinery, sand and gravel, and fertilizer, within much more limited geographical areas. Both sides seek to draw comfort from this. If it helps anyone, we think it is the Commission.

2. "The words 'special equipment' in a number of motor-carrier certificates mean the use of such special equipment as may be necessary for the loading and unloading of the vehicles of the heavy haulers, and are used as a means of identifying the commodities which the heavy haulers may transport." 309 I.C.C. at 335.

en the particular language of petitioner's operating authority. There is certainly no novelty in classifying motor carriers on the basis of commodities transported. Classification of Motor Carriers of Property, 1937, 2 M.C.C. 703; St. Johnsbury Trucking Co., Inc., Extension—Heavy Hauling, 1951, 53 M.C.C. 277.

An order will be entered denying the relief sought by the plaintiff and dismissing its complaint.